RUTKIN & WOLF PLLC
Jason M. Wolf (JW-6332)
203 East Post Road
White Plains, New York 10601

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
FELICIA BRAMBLE,

        Plaintiff,

    -against-

MOODYS CORPORATION and
SCOTT KENNEY in his capacity
As Senior Vice President
Chief Audit Executive,
And ADAM BERKOWICZ
in his capacity as
Senior Vice President of
Accounting

        Defendants.

------------------------------X

JURY TRIAL DEMANDED

COMPLAINT

Case No. 19-5182

## NATURE OF ACTION

1.    This action is hereby commenced for the purpose of seeking to secure protection of, and to redress the denial of rights and privileges secured by the United States Constitution, Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. 2000e to 20000e-17, , providing for relief based upon defendants' unlawful employment practices of engaging in discrimination based upon plaintiff's race.

## JURISDICTION

2. The jurisdiction of this Honorable Court is based upon federal questions and pursuant to the Constitution of the United States, 28 U.S.C. §§1343 (4), 28 U.S.C. §1331.

3. This Court has supplemental jurisdiction over federal claims pursuant to 28 U.S.C. §1367.

4. Jurisdiction is also invoked under the doctrine of pendant jurisdiction with respect to any and all state law claims set forth in all counts.

5. The rights, privileges and immunities sought be redressed are those secured by Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act against race, national origin and age discrimination and retaliation in employment, along with applicable provisions of the New York State Constitution, the New York State Executive Law, and the New York City Human Rights Law.

## SATISFACTION OF PREREQUISITES

6. On or about September 18, 2018, plaintiff filed a complaint with the New York State Division of Human Rights and with the EEOC alleging discrimination based on race.

7. On or about December 17, 2018 the New York State Division of Human Rights entered an Order of dismissal for administrative convenience as Plaintiff wished to seek her remedies in Federal Court.

8. On or about March 12, 2019, the EEOC issued a Right to Sue Letter. This action is commenced within ninety days of receipt of the Right to Sue letter. (Copy annexed hereto as Exhibit "A")

## VENUE

9. Venue is proper within the Southern District Court, County of New York, State of New York, as the defendants' conduct 'took place within the boundaries of the County of New York, State of New York.

## PARTIES

10. Plaintiff is an African American individual, who had been employed in good standing with the Defendants from October 27, 2003 to August 27, 2018 and resides at 661 East 231st Street, Bronx, New York 10466..

11. Moodys Corporation is a for profit business operating within the State of New York with principal offices located at 250 Greenwich Street, New York, New York 10007.

12. Scott Kenney, on information and belief, is a Caucasian employed by Moodys whose title is Senior Vice President, Chief Audit Executive.

13. Adam Berkowicz, on information and belief, is a Caucasian employed by Moodys since 2004 as a Senior Vice President, Accounting who supervised Plaintiff during her tenure of employment with Respondents.

## ACTS UNDERLYING PLAINTIFF'S CLAIMS

14. Plaintiff was hired as a payroll analyst in 2003 at a salary of $46,00.00 per year. Over the past fifteen years plaintiff received three promotions and at the time of her termination her salary earned $124,260.00

15. At the time of her termination, Plaintiff supervised five individuals, four in New York and one in Canada. Complainant was responsible for preparing performance evaluations for these individuals and participated in hiring and firing of these individuals.

16. As a Assistant Vice President of payroll, Plaintiff's job duties included, supervising staff, manage daily activities, managed the employee payroll process for Moodys for the United States and Canada, which included a total of 4,000.00 employees. Plaintiff was also responsible for reviewing and approving Mexico's payroll. Plaintiff also reviewed funding for payroll taxes before they are sent to the Federal and State taxing agencies.

17. Plaintiff was promoted to Assistant Vice President of Payroll position in April 2018 and received no training specific to this position.

18. Plaintiff did receive training on how to recognize spam or fake emails in 2016. This training took place online and was essentially a video which employees were required to watch but of course were unable to ask questions. Defendants never held an in person training on identification or recognition of spam or held any meetings where it was discussed and employees were able to ask questions.

19. On or about July 2018, Plaintiff received an email in her Moody's email account in box which stated than an employee Defendant Scott Kenney wanted to change his direct deposit information. More specifically, the email stated that Defendant Kenney wanted to change the banking information so that his check may be deposited into another account.

20, Plaintiff responded to the email and directed the individual she believed to be Defendant Kenney to use the ADP portal to update his account information.

21. Shortly thereafter, Plaintiff received a response stating that Respondent Kenney was unable to use the portal.

22. Plaintiff then requested the new banking information and updated the banking information.

23. On July 31, 2018 Defendant Kenney informed Defendant Berkowicz that he did not receive his paycheck for the period of July 16-31 of 2018.

24. Plaintiff after being contacted by Respondent Bercowicz forwarded Respondent Bercowicz the email showing that Respondent Kenney had changed his direct deposit information.

25. Defendant Berkowicz then informed Plaintiff on July 31, 2018 that the email she received was fraudulent and not from Defendant Kenney. Plaintiff then initiated a ACH reversal and she was able to retrieve the funds before any unauthorized

third party received them. Defendant Kenney was paid via bank wire for the July 16-31 2018 pay period and Defendant Moody's did not suffer any financial loss as a result of this incident.

## AS AND FOR A FIRST CLAIM OF RACIAL DISCRIMINATION PURSUANT TO TITLE VII

26. Thereafter, Defendant Berkowicz informed Plaintiff that an internal investigation was going to be commenced and that she would be contacted by Infosec, which was Defendant Moody's Spam monitoring department. She was also informed someone from compliance would contact her.

27. On August 2018, Plaintiff attended a meeting at Defendant's offices with representatives from Infosec and compliance. Plaintiff was questioned regarding the email and explained each step that occurred during this incident of July 31, 2018.

28. Plaintiff then was called to a meeting on August 27, 2018 with Defendant Berkowicz and a representative from Human Resources and was told August 27, 2018 was her last day and that she would be terminated.

29. Upon information and belief the investigation was at the direction of Defendant Kenney and the decision to terminate Complainant was the decision of Defendant Bercowitz.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants granting the following relief:

1. An award to plaintiff of her actual damages in an amount to be determined at trial for loss of wages, benefits, and promotional opportunities, including an award of front pay compensating plaintiff for loss of salary and benefits.

2. An award to Plaintiff of compensatory damages in an amount to be determined at trial for the humiliation, mental anguish, and emotional distress sustained by her;

3. An award to Plaintiff of punitive and exemplary damages due to Defendants' willful and malicious conduct;

4. An award to Plaintiff of the costs of this action, together with her reasonable attorneys' fees.; and

5. Such other and further relief as this Court may deem just and proper.

Dated: White Plains, New York
       June 3, 2019

Jason M. Wolf
Rutkin & Wolf PLLC
203 East Post Road
White Plains, N.Y. 10601
(917) 478-9068

30. During Plaintiff's entire tenure of employment with Defendant Moody's she had never received any disciplinary action, only accolades, pay raises, and promotion,

31. Furthermore, Defendant Moody's did not employ any type of progressive discipline with respect to Plaintiff She was simply terminated after fifteen years of stellar service despite no evidence that she was involved in the fraudulent email, despite the fact that this incident did not affect Defendant Moody's financially, and despite the fact that Defendant Moody's did not effectively train Plaintiff on how to appropriately recognize and handle these type of spam emails.

32. Defendants' actions towards Plaintiff when viewed with her history of no prior discipline with the Company are clearly based on her race and in violation of Federal, State, and City laws on discrimination based on race.

33. More specifically, the foregoing constitutes illegal discriminatory conduct as set forth in the New York State Executive Law, Article 15, section 296 and 297. The conduct described also violates the Federal Civil Rights Laws (Title VII) as well as the New York City administrative Code.

EXHIBIT "A"

EEOC Form 161 (11/16)         **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Felicia Bramble<br>661 East 231st Street<br>Bronx, NY 10466 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2019-00164 | Holly M. Shabazz,<br>State & Local Program Manager | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other *(briefly state)*         **Charging Party wishes to pursue matter in Federal District Court.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____         March 12, 2019
Kevin J. Berry,                                                         *(Date Mailed)*
District Director

Enclosures(s)

cc:
Scott Kenney                                          Shawn N. Butte, Esq.
MOODY'S CORPORATION
7 World Trade Center                           Jason M. Wolf, Esq.
250 Greenwich Street, 14th Floor      Rutkin & Wolf, LLP
New York, NY 10007                           203 E. Post Road
                                                               White Plains, NY 10601